OPINION and JOURNAL ENTRY
Pro-se Petition for Writ of Habeas Corpus was filed in this matter asserting that Petitioner is a Washington, D.C. prisoner housed at the private prison known as Northeast Ohio Corrections Center, located at 2240 Hubbard Road, Youngstown, Ohio. Although the Certificate of Service on the Petition reflects that a copy of the Petition was mailed to the "State Prosecutor Attorney's Office/Mahoning County Court House," there has been no answer or ether responsive pleading filed in this matter.
The gist of the petition is a complaint that the institution failed to follow proper disciplinary procedures in an action taken against Petitioner. It is asserted that Petitioner had broken from the grasp of a guard when the guard charged at him and Petitioner's "closed fist first going forward the (sic.) collided with Sgt. Ward aggressive approach." The two had apparently been discussing abusive treatment of the inmates by guards.
Under R.C. 2725.01:
 "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment, restraint, or deprivation."
Petitioner is asserting a violation of due process rights in the manner a disciplinary proceeding was conducted, not that he is "unlawfully restrained of his liberty." The relief requested, removal of the disciplinary report from his institutional jacket after a review of all witness statements, the disciplinary report, the writing on the report by Lt. B. Thomas and numerous grievances filed, is not relief available by a petition for habeas corpus.
Moreover, Petitioner acknowledges that since the filing of the original complaint he has been transferred to the CCA-Central Arizona Detention Center in Florence, Arizona.
Under R.C. 2725.03:
 "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
Clearly, as Petitioner is admittedly an inmate of a facility located in the state of Arizona, this court has no jurisdiction to rule on the merits of any habeas complaint involving Petitioner.
Petition for writ of habeas corpus is denied.
Final order. Copies to counsel or unrepresented party, the Mahoning County Prosecutor and the Ohio Attorney General.
JUDGE EDWARD A. COX, JUDGE GENE DONOFRIO, JUDGE JOSEPH J. VUKOVICH.